IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARIDUN ADULLOIEV, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-6018 |
| | : | |
| MARKWAYNE MULLIN, *et al.* | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **August 21, 2026**

Petitioner Faridun Adulloiev brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Mr. Adulloiev who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Faridun Abdulloiev is a Ukrainian national who entered the United States approximately two years ago pursuant to a humanitarian parole process, Uniting for Ukraine ("U4U"), created by the United States Government following the Russian invasion. Pet. ¶ 2, 72, Dkt. No. 1. He received authorization to travel to the United States, presented himself for inspection at JFK International Airport, and was paroled in. *Id.* ¶ 73, 74. He was granted parole through May 19, 2026, and applied to renew this parole prior to the expiration of his initial grant. That application is pending. *Id.* ¶ 75. He has since resided here without committing any crimes. *Id.* ¶ 76.

On August 15, 2026, two years after Mr. Abdulloiev entered the United States, he was arrested near his home and detained by Immigration and Customs Enforcement (ICE). *Id.* ¶ 77. ICE then transferred him to the Federal Detention Center in Philadelphia, where he remains. *Id.* ¶ 78. He filed this petition on August 19, 2026.

The Government contends Mr. Adulloiev is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't's Resp. 1–2, Dkt. No. 4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. Gov't's Resp. 2.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Judges in this District have consistently reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The First, Second, Sixth, Seventh, Ninth,

Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Guerrero Orellana v. Moniz*, __ F.4th __, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026) (holding that "noncitizens . . . who are present in the United States without admission are not subject to § 1225(b)(2)(A)'s mandatory detention provision"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731–34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026) ("join[ing] the majority of circuits that have confronted th[e] question" and rejecting the government's argument that a noncitizen who is deemed an "applicant for admission" must also be "seeking admission"); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission").[1]

---

[1] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Gov't's Resp.

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Guerrero Orellana*, *Lopez-Campos*, *Cirrus Rojas*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71.[2] This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Abdulloiev] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Mr. Adbulloiev's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States legally over two years ago and was arrested by ICE in the interior in August 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Adbulloiev's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

---

[2] Judges in this district have found the same applies to persons who were paroled into the United States, even after their parole has expired. *See, e.g., Holovinov v. Jamison,* No. CV 26-3241, 2026 WL 1365009, at *2 n.1 (E.D. Pa. May 15, 2026) (finding that Holovinov, a Ukrainian national paroled into the United States in March 2024 was unlawfully detained under §1225 and ordering that any future detention under §1226 requires a bond hearing); *Olimov v. Jamison,* No. CV 26-532, 2026 WL 596155, at *7 (E.D. Pa. Mar. 3, 2026) ("When the Government affirmatively chose to release Mr. Olimov on parole, it made the decision that he would no longer be subject to the mandatory detention under Section 1225(b). Once Mr. Olimov's parole ended, the Government had to handle his case 'in the same manner as that of any other applicant for admission to the United States.' 8 U.S.C. §1182(d)(5)(A) … the INA required the Government to provide him with a pre-deprivation bond hearing before it detained him.") (citations omitted);

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.